Reset Form

Print Form

DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS
## District of Columbia Government
### Corporations Division

*NO Record*

**Form SP-1, Version 2, December 2010.**
**Service of Process Action Form**

| | |
|---|---|
| **Entity Name:** | Culloway & Associates, In |
| **Entity Address:** | 8961 Harvest Oaks Dr. ste 201, Raleigh, NC 2765 |
| **Date of Service:** | -5-2-2018 |
| **Type of Service:** | ☐ Demand   ☐ Trial   ☐ Legal Notice   ☐ Subpoena   ☒ Other   Summons |
| **Subject:** | |

Dear Customer,

Service was made upon the Superintendent of Corporations of Department of Consumer and Regulatory Affairs, for the District of Columbia on the following date  5-2-2018  and this copy is forwarded to you by certified mail in accordance with the Code of Laws for the District of Columbia.

If you have any questions, please contact the Court or Attorney for the Plaintiff.

Sincerely,

Patricia E. Grays

*Patricia E. Grays*

Superintendent of Corporations

www.dcra.dc.gov (click on Licensing/Registration and Corporate Registration)
1100 4th Street, S.W., Washington, D.C. 20024; Phone: 202-442-4400 (option 5)

*MD Record*

Reset Form



DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS
## District of Columbia Government
### Corporations Division

### Service of Process Action Form.
### Form GN-6, Version 3, November 2014.

This form can only be used to serve the defendant – domestic or foreign filing entity if plaintiff or his representative have exhausted all the means to serve domestic or foreign filing entity as prescribed under D.C. Code § 29-104.12

| ENTITY TYPE | FILING FEE |
|---|---|
| Domestic or Foreign Filing Entity | Refer to Corporate Fee Schedule posted online; |

Under the provisions of the Title 29 of D.C. Code (Business Organizations Act), the plaintiff identified below is serving the defending domestic or foreign filing entity and for that purpose submits the statement below.

1. Plaintiff's Name.
Markia Bryant

2. Plaintiff's Address.
c/o 8403 Colesville Road Suite 1100 Silver Spring MD 20910

3. Defending Domestic or Foreign Filing Entity's Name. (give corporate file# if known)
Calloway & Associates, Inc.

4. Defending Domestic or Foreign Filing Entity's Address.
8961 Harvest Oaks Drive, Suite 201, Raleigh, North Carolina 27615

5. One of the following conditions apply. (must select one)

[✔] Represented entity failed to appoint or maintain a registered agent in the District; or

[ ] A represented entity's registered agent in the District cannot with reasonable diligence be found.

6. Type of service and court case# (ex., subpoena, legal complaint, demand, etc.).
Legal Complaint
D.C. Superior Court
Case No.: 2018 CA 002464 B

7. Duplicate copies of the process, notice, or demand are submitted along with this form.

If you sign this form you agree that anyone who makes a false statement can be punished by criminal penalties of a fine up to $1000, imprisonment up to 180 days, or both, under DCOC § 22-2405;

| 8. Name of the Plaintiff or Authorized Person. | 8A. Signature of the Plaintiff or Authorized Person. |
|---|---|
| Darrell Chambers, Esquire<br>The Chambers Firm, LLC | |

| Mail all forms and required payment to: | Corporate Online Services Information: |
|---|---|
| Department of Consumer and Regulatory Affairs<br>Corporations Division<br>PO Box 92300<br>Washington, DC 20090<br>Phone: (202) 442-4400 | Many corporate filings are available by using CorpOnline Service.<br>Go to CorpOnline site at https://corp.dcra.dc.gov, create the profile, access the online services main page and proceed. Online filers must pay by using the credit card. |

Please check dcra.dc.gov to view organizations required to register, to search business names, to get step-by-step guidelines to register an organization, to search registered organizations, and to download forms and documents. Just click on "Corporate Registrations."



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Markia Bryant

_____
                                        Plaintiff
                          vs.

Calloway & Associates, Inc.

_____
                                        Defendant

Case Number     **2018 CA 002464 B**
                _____

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

DARRELL CHAMBERS
_____
Name of Plaintiff's Attorney

8403 Colesville Road Suite 1100
_____
Address
Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

*Clerk of the Court*

By _____
                              Deputy Clerk

Date _____ **04/13/2018** _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오     የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

*Markia Bryant*

Case Number: **2018 CA 002464 B**

Date: **4/9/2018**

vs

*Galloway + Associates, Inc*
*et al.*

☑ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* **Darrell Chambers** | Relationship to Lawsuit |
| Firm Name: **The Chambers Firm, LLC** | ☑ Attorney for Plaintiff |
| Telephone No.:  **240-638-2831**   Six digit Unified Bar No. **980572** | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☒ 6 Person Jury      ☐ 12 Person Jury
Demand: $ **10,000,000**                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

NATURE OF SUIT:      *(Check One Box Only)*

### A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
         Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
         Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
         Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
         Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
         Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Malpractice,
         Not Malpractice)

☑ 17 Personal Injury- (Not Automobile,
         Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE _____   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☑ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☑ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

4/9/2018
_____
Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

MARKIA BRYANT
    Vs.                                C.A. No.      2018 CA 002464 B
CALLOWAY AND ASSOCIATES INC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ANTHONY C EPSTEIN
Date:  April 13, 2018
Initial Conference: 9:30 am, Friday, July 13, 2018
Location:  Courtroom 200
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

Filed
D.C. Superior Court
04/09/2018 13:08PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| MARKIA BRYANT<br>c/o 8403 Colesville Road, #1100<br>Silver Spring, MD 20910<br><br>    Plaintiff,<br><br>v.<br><br>Calloway & Associates, Inc.<br>Corporate Headquarters<br>8961 Harvest Oaks Drive, Suite 201<br>Raleigh, North Carolina 27615<br><br>**SERVE:**<br>Superintendent of Corporations<br>Dept. of Consumer & Regulatory Affairs<br>Business & Professional Licensing<br>Administration – Corporations Division<br>1100 4th Street, SW<br>4th Floor<br>Washington, DC 20024<br><br>AND<br><br>DeLonte Brown, Calloway & Associates Inc.<br>Individually and in his Official Capacity<br>East Coast Regional Office<br>2750 14th Street, NW<br>Washington, D.C.20009<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.  **2018 CA 002464 B**<br>Judge<br><br>Next Event: |

## **COMPLAINT**
### For Declaratory and Injunctive Relief and Monetary Damages

Plaintiff Markia Bryant files this Complaint against Calloway & Associates, Inc.

("Calloway") and DeLonte Brown ("Brown"), pursuant to the D.C. Human Rights Act and

District of Columbia common law.

## JURISDICTION

1. This Court has subject matter jurisdiction over this civil action under D.C. Code § 11-921(a).

## PARTIES

2. Plaintiff is a resident of the District of Columbia and is a Calloway employee. At all times relevant to this complaint, Plaintiff was assigned to work at the U.S. Department of Veteran's Affairs ("VA") located at 50 Irving Street, NW Washington, DC 20422. Plaintiff is an African-American female, aged 29.

3. Calloway is purportedly a North Carolina corporation with its headquarters in North Carolina, according to its website. Calloway also has an "East Coast Regional Office" located at 2750 14th Street NW Washington, DC 20009 again, according to its website. Calloway is a government contractor and staffing company for the U.S. Federal government and maintains staff at the U.S. Department of Veteran's Affairs located at 50 Irving Street, NW Washington, DC 20422. At all times relevant to this complaint, Calloway employed Plaintiff's supervisors, managers, and co-workers.

4. DeLonte Brown is a Calloway employee who, at all times relevant to this complaint, was Plaintiff's supervisor.

## FACTS

5. Plaintiff began working for Calloway at the U.S. Department of Veteran's Affairs in February of 2017 as a medical supply technician. At the time she was supervised by Calloway employee Kia Cooper.

6. Beginning in June of 2017, George Jones (also known as George Roy), an employee of the VA, began asking Plaintiff to go out on dates with him. Plaintiff immediately

rebuffed Jones' advances, notifying him the first time he approached her that she was a married woman.

7. Jones continued to ask Plaintiff out on dates and began making sexual advances through June, 2017, using sexual language, telling Plaintiff that she "looked good."

8. Despite being told that she was not interested in his sexual advances, Jones approached Plaintiff almost daily through June, 2017, with requests that she date him and using sexual language which made her uncomfortable.

9. All of Mr. Jones' advances were rebuffed by Plaintiff and she never gave Jones any reason to believe she was interested in dating him. When it became clear that the harassment would not cease, Plaintiff informed Jones that she would report him for harassing her.

10. Plaintiff first notified her supervisor, Kia Cooper, in June of 2017 that Mr. Jones continually asked her out and was making sexual advances towards her at work. In notifying her supervisor of Mr. Jones' harassment, Plaintiff complied with Defendant Calloway's procedures for reporting sexual harassment.

11. Ms. Cooper took no action to investigate Plaintiff's allegations. Ms. Cooper did not inform Calloway H.R. that Plaintiff made a sexual harassment complaint. Ms. Cooper failed to inform the VA of Plaintiff's sexual harassment complaint against Jones. Ms. Cooper failed to determine whether Plaintiff could be protected from further harassment in the workplace through a transfer or a detail. Ms. Cooper received no training in how to deal with a sexual harassment complaint by one of her subordinates and, consequently, took no action on Plaintiff's complaint.

12. Having received no direction to the contrary, Mr. Jones continued to proposition Plaintiff through July of 2017, escalating from asking her out on dates and making sexual comments, to asking Plaintiff for sex. Mr. Jones would proposition Plaintiff for sex whenever he got her alone. Mr. Jones also made sexual advances towards Plaintiff when others were around to witness the harassment, including Ms. Cooper.

13. In June, 2017, Mr. Jones got on the elevator at the workplace with Plaintiff.

14. Only Plaintiff and Mr. Jones were on the elevator. Plaintiff was uncomfortable being in such an enclosed space with Mr. Jones because of his sexual advances towards her. Plaintiff held her mobile phone in her hand.

15. While on the elevator between floors, Mr. Jones approached closely, at which point Plaintiff attempted to push him away with one hand and snap a picture of the encounter with the mobile phone in her other hand.

16. Undeterred, Jones attempted to forcibly kiss Plaintiff on the mouth. Plaintiff successfully pushed Jones away, thwarting his attempt to kiss her.

17. As she had in the past, Plaintiff informed Ms. Cooper of the incident. Ms. Cooper, having not been trained to take any action, took none.

18. Plaintiff reported the incident to the VA police.

19. Upon information and belief, the VA police took a statement about the incident from Ms. Cooper. Nonetheless, Ms. Cooper took no action to protect Plaintiff from further harassment by Mr. Jones, who continued to work with Plaintiff and to have daily contact with Plaintiff after the sexual assault.

20. Ms. Cooper took no action to investigate the sexual assault Plaintiff reported to her in June of 2017. Upon information and belief, and according to Defendant Calloway, Ms.

Cooper did not inform Calloway H.R. that Plaintiff made a complaint that a VA employee sexually assaulted her. Ms. Cooper failed to determine whether Plaintiff could be protected from further harassment and assaults in the workplace through a transfer or a detail.

21. Ms. Cooper received no training in how to deal with a complaint by a subordinate of sexual assault and, consequently, took no action on Plaintiff's complaint, though she knew that Mr. Jones still worked for the VA and would still have unfettered contact with Plaintiff.

22. In July of 2017, Mr. Jones sexually assaulted Plaintiff again.

23. While Plaintiff waited for the elevator at work, Jones approached her and first slapped her butt with a piece of paper, then grabbed Plaintiff's butt with his hand.

24. Once again, Plaintiff reported this incident to her supervisor, Ms. Cooper, and the VA police.

25. Ms. Cooper, having not been trained to take any action, took none.

26. The VA police investigated the complaint.

27. Upon information and belief, the VA police took a statement about the incident from Ms. Cooper. Nonetheless, Ms. Cooper took no action to protect Plaintiff from further harassment by Mr. Jones, who continued to work with Plaintiff and to have daily contact with Plaintiff after the second sexual assault.

28. Ms. Cooper took no action to investigate the sexual assault Plaintiff reported to her in July of 2017 because she had not been trained to do so. Upon information and belief, and according to Defendant Calloway, Ms. Cooper did not inform Calloway H.R. that Plaintiff made a complaint that a VA employee sexually assaulted her. Ms. Cooper failed

5

to determine whether Plaintiff could be protected from further harassment and assaults in the workplace through a transfer or a detail.

29. Ms. Cooper received no training in how to deal with a complaint of sexual assault by a subordinate and, consequently, took no action on Plaintiff's complaint, though she knew that Mr. Jones still worked for the VA and would still have unfettered contact with Plaintiff.

30. Plaintiff continued to make complaints about Jones' behavior through August, September, and November of 2017. Plaintiff complained to Ms. Cooper, the VA police, and her new supervisor, Defendant Brown.

31. Defendant Brown took no action to investigate Plaintiff's harassment reports. Upon information and belief, and according to Defendant Calloway, Defendant Brown did not inform Calloway H.R. that Plaintiff made harassment complaints against Mr. Jones. Defendant Brown failed to determine whether Plaintiff could be protected from further harassment and assaults in the workplace through a transfer or a detail.

32. Defendant Brown received no training in how to deal with a harassment complaint filed by a subordinate and, consequently, took no action on Plaintiff's complaint, though he knew that Mr. Jones still worked for the VA and would still have unfettered access to Plaintiff.

33. In December of 2017, after Defendant Brown became Plaintiff's supervisor and shortly after Plaintiff made a harassment complaint against Mr. Jones, Defendant Brown handed Plaintiff a sheet of paper which appeared to be some type of complaint form. Defendant Brown told Plaintiff to fill out the paperwork or he would "fire her."

34. This threat was made to discourage Plaintiff from continuing with her sexual harassment complaint, to discourage Plaintiff from making hostile workplace complaints, and to 'chill' other employees from making similar complaints.

35. This threat by Defendant Brown was accompanied by his obvious and outward hostility towards Plaintiff. Defendant Brown would nit-pick Plaintiff's work performance and make comments aimed at embarrassing Plaintiff, one time admonishing Plaintiff not to eat her lunch at a table in front of a number of Plaintiff's co-workers. Instead of assisting Plaintiff to avoid Mr. Jones' harassment, Defendant Brown contributed to and added to Plaintiff's hostile workplace. Defendant Brown appeared to be trying to get the Plaintiff to react negatively to his harassment, possibly so that Plaintiff would resign.

36. Mr. Jones continued his harassing behavior towards Plaintiff in the workplace. Mr. Jones began to stalk Plaintiff at work. Plaintiff would see Mr. Jones in her work area almost daily when he had no legitimate business on Plaintiff's floor. Mr. Jones followed Plaintiff to the outdoor areas while Plaintiff was on break or ate lunch.

37. Mr. Jones' behavior was unrelenting and continued even after Plaintiff filed criminal charges against Jones and successfully got a protective order requiring Jones to stay away from Plaintiff. Still, Calloway took no action to protect Plaintiff from Jones' persistent harassment at work.

38. On January 30, 2018, almost two months after the court issued a protective order against him, Mr. Jones entered the cafeteria where Plaintiff was having lunch, sat down, faced Plaintiff's direction, and stared at her. This obviously made Plaintiff feel very uncomfortable and quite unsafe in her workplace. This was a clear violation of the protective order.

39. In early February, 2018, Plaintiff, through counsel, contacted Calloway in an effort to bring these issues to Calloway's attention and to request that Calloway take an active role in ensuring Plaintiff no longer had to work in a hostile work environment.

40. A few days after Plaintiff contacted Calloway, Monica Robuck, one of the Lead Technicians working for the Veteran's Administration, began retaliating against Plaintiff.

41. Upon information and belief, Ms. Robuck had one or more conversations with the HR Director for Calloway, Jackie Johnson, and then began aggressively monitoring Plaintiff's every move - asking where Plaintiff had been during Plaintiff's breaks and lunch, and complaining about Plaintiff's work product.

42. Through February and to early March, 2018, Ms. Robuck harassed Plaintiff by following Plaintiff around the workplace to intimidate Plaintiff. Ms. Robuck appeared to be trying to get the Plaintiff to react negatively to her harassment, possibly so that Plaintiff would resign.

43. Ms. Robuck began complaining to Plaintiff about Plaintiff's work performance, even writing Plaintiff up for failure to perform her position. In mid-February Ms. Robuck accused Plaintiff of failing to complete the paperwork for a crash-cart. Ms. Robuck was visibly upset, loud and rude with Plaintiff when accusing her of failing to properly do her job.

44. Plaintiff then asked Ms. Robuck if she had checked the chart to determine whether Plaintiff had completed it and Robuck said she had. When Plaintiff asked Ms. Robuck to check the chart with her, Ms. Robuck agreed but had an obvious attitude. Plaintiff showed Ms. Robuck that the paperwork was properly completed and took a video of the completed paperwork.

45. Ms. Robuck appeared to have been enlisted, or was taking it upon herself, to gather negative information to terminate Plaintiff, whether or not the information was accurate. Plaintiff's fear was well founded since her supervisor threatened to terminate her if she didn't fill out paperwork related to her harassment complaint.

46. Ms. Robuck's write-ups will affect Plaintiff's ability to continue to be employed at Calloway, will affect Plaintiff's ability to obtain a raise in salary, and the number of write-ups Plaintiff receives will affect Plaintiff's ability to obtain a promotion.

47. Plaintiff notified Calloway of Ms. Robuck's harassment, however, Calloway's position was that the incidents Plaintiff complained of occurred in the past and that Ms. Robuck was not a Calloway employee.

48. As a result of Defendants' conduct, Plaintiff had and continues to have trouble sleeping and concentrating at work. Plaintiff is in therapy in order to deal with the issues at her place of employment. Plaintiff feels embarrassed and humiliated facing her managers and Mr. Jones at the office every day. She is reluctant to report to work and does not want to leave the house in the morning or even get out of bed.

## COUNT I
### Discrimination Based On Gender and Race
### In Violation of The District of Columbia Human Rights Act
### D.C. Code § 2-1401.11 *et seq.*
### All Defendants

49. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-48 as if fully set forth herein.

50. Plaintiff is a member of two protected classes since Plaintiff is an African American woman. Plaintiff has been the victim of unlawful discriminatory conduct at the hands of

the Defendants. The Defendants discriminated against Plaintiff based on her race and her gender.

51. Plaintiff was unlawfully subjected to disparate treatment on the basis of her gender and race, and Defendants failed to take any action to remedy the treatment Plaintiff received in the workplace because Plaintiff is an African American woman. Had Plaintiff been a Caucasian woman, Defendants would have taken immediate actions to remedy the discriminatory treatment Plaintiff was subjected to.

52. Defendants treated the discriminatory complaints of their female Caucasian employees more seriously than they treated Plaintiff's complaint. There is no legitimate non-discriminatory reason for the Defendants to treat Plaintiff's complaint less seriously than the complaints of female Caucasian employees.

53. In taking the foregoing actions described above, Defendants denied, restricted, and abridged Plaintiff's terms, conditions, and privileges of employment. Defendants materially and adversely affected Plaintiff's current employment, salary, ability to be promoted and future employment opportunities.

54. Defendants' violation of Plaintiff's rights were egregious and taken in conscious disregard of or with deliberate indifference to Plaintiff's rights under the DC Human Rights Act. Defendants had actual knowledge of gender and race discrimination at the VA and failed to redress the discrimination against Plaintiff. In taking the foregoing actions and discriminating against Plaintiff on account of her race and gender, Defendants violated The District of Columbia Human Rights Act, D.C. Code §§ 2-1401.11, *et seq.*

55. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to
suffer past and future pecuniary loss, loss of employment opportunities, loss of pension
and value of her pension, loss of 401(k) benefits, and continued loss of current and future
employment opportunities, emotional pain, embarrassment, humiliation, mental anguish,
inconvenience, anxiety, depression, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff requests that this Court issue a judgment against the
Defendants in the amount of $5,000,000 in compensatory damages and $5,000,000 in punitive
damages, along with Plaintiff's attorney's fees and court costs incurred in pursuing this matter.

**COUNT II**
**Sexual Harassment – Hostile Work Environment**
**In Violation of**
**The District of Columbia Human Rights Act**
**D.C. Code § 2-1401.11 *et seq.***
**Defendant Calloway**

56. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-55 as
if fully set forth herein.

57. Plaintiff is a member of a protected classes since Plaintiff is a woman. Plaintiff has been
the victim of sexual harassment in the workplace at the hands of Defendant Calloway's
employees, agents, and contractors.  The sexual harassment Plaintiff faced occurred
because of Plaintiff's membership in a protected class.  The harassment Plaintiff endured
was severe and pervasive and altered the terms and conditions of her employment with
Calloway.

58. Beginning in June of 2017, Calloway was aware of the sexual harassment Plaintiff
endured when Plaintiff informed her supervisor of the harassment by a Calloway
contractor. Plaintiff complied with Calloway procedures for reporting sexual harassment

11

by notifying her supervisor of the harassment. Despite this knowledge, Calloway took no action to protect the Plaintiff from further harassment.

59. Because of Calloway's inaction, the sexual harassment Plaintiff was subjected to increased in intensity and severity as Mr. Jones sexually assaulted Plaintiff in two separate incidents, both of which were reported to Calloway and the VA police. Calloway still failed to take any action to protect Plaintiff from further harassment after these incidents were reported to her supervisor.

60. Defendants' violation of Plaintiff's rights were egregious and taken in conscious disregard of or with deliberate indifference to Plaintiff's rights under the DC Human Rights Act. In taking the foregoing actions and permitting Plaintiff to be sexually harassed, without taking any measures to stop or prevent continued harassment, Defendant violated the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.11, *et seq.*

61. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to suffer past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff requests that this Court issue a judgment against the Defendants in the amount of $5,000,000 in compensatory damages and $5,000,000 in punitive damages, along with Plaintiff's attorney's fees and court costs incurred in pursuing this matter.

**COUNT III**
**Retaliation in Violation of the**
**District of Columbia Human Rights Act**
**D.C. Code §§ 2-1402.61, *et seq.***

**All Defendants**

62. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-61 as if fully set forth herein.

63. Plaintiff has been the victim of unlawful retaliation in the workplace at the hands of Defendant Calloway employees, agents, and contractors.  The retaliation altered the terms and conditions of Plaintiff's employment with Calloway.

64. Plaintiff engaged in protected activity when she informed her supervisors in 2017 that Mr. Jones was sexually harassing and sexually assaulting her. Plaintiff engaged in protected activity in February of 2018 when she informed Defendant Calloway that Mr. Jones was sexually harassing and sexually assaulting her. Plaintiff engaged in protected activity in February of 2018 when she informed Defendant Calloway that she intended to assert her rights under the District of Columbia Human Rights Act.

65. Defendants took adverse action against Plaintiff when Defendant Calloway's contractor Ms. Robuck, after speaking with Calloway's Human Resources Manager, began nit-picking and criticizing Plaintiff's work performance just days after Plaintiff asserted her rights under the DCHRA, through counsel. There is no legitimate non-retaliatory reason for the adverse actions Ms. Robuck took against the Plaintiff.

66. Defendants took adverse action against Plaintiff when Ms. Robuck, after Plaintiff made several sexual harassment complaints, began writing Plaintiff up despite the fact that Plaintiff had not violated any Calloway processes or procedures. There is no legitimate non-retaliatory reason for the adverse actions Ms. Robuck took against the Plaintiff.

67. Defendants took adverse action against Plaintiff when Defendant Brown threatened to terminate Plaintiff's employment after Plaintiff complained of sexual harassment to

13

Defendant Brown in December of 2017. There is no legitimate non-retaliatory reason for the adverse actions Defendant Brown took against the Plaintiff.

68. Defendants took other adverse action against Plaintiff as well. The close proximity in time between Plaintiff's engaging in the above protected activity and the adverse action taken by Defendants is such that it can reasonably be presumed that the adverse action was taken because Plaintiff engaged in the protected activity.

69. Defendants' retaliation against Plaintiff was egregious and taken in conscious disregard of or with deliberate indifference to Plaintiff's rights under the DC Human Rights Act, DC Code §2-1402.61. Defendants had actual knowledge of gender discrimination and sexual harassment at the VA and not only failed to redress the discrimination but took retaliatory action against Plaintiff after she complained about the harassment and after she hired counsel to assert her rights under the DCHRA. This behavior is outrageous, shocks the conscience, wanton, and oppressive, and was taken with legal and actual malice.

70. In taking the foregoing actions and retaliating against Plaintiff, Defendants violated The District of Columbia Human Rights Act, D.C. Code §§ 2-1402.61, *et seq.*

71. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to suffer past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff requests that this Court issue a judgment against the Defendants in the amount of $5,000,000 in compensatory damages and $5,000,000 in punitive damages, along with Plaintiff's attorney's fees and court costs incurred in pursuing this matter.

**COUNT IV**
**Negligent Training, Hiring, Retention, Supervision**
**Defendant Calloway**

72. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-70 as if fully set forth herein.

73. Defendant Calloway had a duty to protect Plaintiff from known dangers in the workplace. Defendant Calloway had a duty to protect Plaintiff from discrimination in the workplace.

74. Plaintiff informed her supervisors as early as June of 2017 of the sexual harassment she faced at the hands of Mr. Jones, a Calloway contractor. Despite this knowledge, Calloway took no action to protect the Plaintiff from further harassment.

75. Because of Calloway's inaction, the sexual harassment Plaintiff was subjected to increased in intensity and severity as it escalated into sexual assault. Plaintiff was assaulted in two separate incidents where Jones attempted to kiss Plaintiff and touched Plaintiff's butt without permission, both of which were reported to Calloway and the VA police. Calloway still failed to take any action to protect Plaintiff from further harassment after these incidents were reported to her supervisor.

76. Defendant Calloway knew or should have known that Plaintiff's supervisors behaved in a dangerous or otherwise incompetent manner which would lead to the injury of one of its employees.

77. Defendant Calloway had actual knowledge that it failed to adequately train Plaintiff's supervisors to investigate sexual harassment and sexual assault complaints once such a complaint was reported by a subordinate.

78. Defendant Calloway knew or should have known that Calloway supervisors were not trained to inform Calloway when a subordinate made a sexual harassment complaint.

15

79. Defendant Calloway knew or should have known that Calloway supervisors were not trained to ascertain whether subordinates reporting sexual harassment and sexual assault could be protected from further harassment and assaults in the workplace.

80. Armed with this actual and/or constructive knowledge, Defendant Calloway failed to adequately supervise Plaintiff's supervisors to ensure the supervisors were cognizant of the proper way to handle sexual harassment and sexual assault complaints.

81. As a result of Defendant Calloway's breach of duty, Plaintiff suffered past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff requests that this Court issue a judgment against the Defendants in the amount of $5,000,000 in compensatory damages and $5,000,000 in punitive damages, along with Plaintiff's attorney's fees and court costs incurred in pursuing this matter.

<u>**COUNT V**</u>
**Negligence – All Defendants**

82. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-80 as if fully set forth herein.

83. Defendant Calloway had a duty to protect Plaintiff from known dangers in the workplace. Defendant Calloway had a duty to protect Plaintiff from discrimination in the workplace.

84. Defendant Calloway breached this duty of care when, with knowledge of the dangerous conditions Mr. Jones caused in the workplace, Calloway took no action to protect Plaintiff.

85. Calloway could have taken action to protect plaintiff when Plaintiff informed her supervisor, Ms. Cooper, that she was being sexually harassed by Mr. Jones in June of

2017 but took none. This directly led to Plaintiff being sexually assaulted in June of 2017.

86. Calloway could have taken action to protect plaintiff when Plaintiff informed her supervisor, Ms. Cooper, that Mr. Jones sexually assaulted her in the workplace in June of 2017 but took none. This directly led to Plaintiff being sexually assaulted in July of 2017.

87. Calloway could have taken action to protect plaintiff when Plaintiff informed her supervisor, Ms. Cooper, that Mr. Jones sexually assaulted her in the workplace in July of 2017 but took none.

88. Plaintiff's damages and the June and July 2017 assaults were directly caused by Defendant Calloway's breach of duty.

89. As a result of Defendant Calloway's breach of duty, Plaintiff suffered past and future pecuniary loss, loss of employment and future employment opportunities, loss of wages and benefits, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff requests that this Court issue a judgment against the Defendants in the amount of $5,000,000 in compensatory damages and $5,000,000 in punitive damages, along with Plaintiff's attorney's fees and court costs incurred in pursuing this matter.

**COUNT VI**
**Intentional Infliction of Emotional Distress**
**All Defendants**

90. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-88 as if fully set forth herein.

91. Each of the Defendants engaged in the above conduct including, but not limited to, failure to take any action to protect Plaintiff from sexual harassment and sexual assault,

threatening to terminate Plaintiff, retaliating against Plaintiff for complaining about

sexual harassment and sexual assault, and requiring Plaintiff to remain in a workplace

where a Calloway contractor was sexually harassing, sexually assaulting, and stalking

Plaintiff. Such conduct is objectively extreme and outrageous.

92. As a direct and proximate result of the Defendants' actions, Plaintiff had and continues to

have trouble sleeping and concentrating at work. Plaintiff's mental anguish is such that

she is in therapy in order to deal with the issues at her place of employment. Plaintiff

feels embarrassed and humiliated facing her managers and Mr. Jones at the office every

day. Plaintiff is depressed and anxious. She is reluctant to report to work and does not

want to leave the house in the morning or even get out of bed. Plaintiff suffers

debilitating symptoms every day going to work as a result of the Defendants' treatment.

**WHEREFORE**, Plaintiff requests that this Court issue a judgment against the

Defendants in the amount of $5,000,000 in compensatory damages and $5,000,000 in punitive

damages, along with Plaintiff's attorney's fees and court costs incurred in pursuing this matter.

<u>**JURY TRIAL PRAYER**</u>

Plaintiff hereby demands a trial by jury on all such eligible claims.

Dated: April 6, 2018                              Respectfully submitted,


                                                  /S/ Darrell Chambers
                                                  Darrell Chambers [980872]
                                                  The Chambers Firm, LLC
                                                  8403 Colesville Road – Suite 1100
                                                  Silver Spring, MD 20910
                                                  (240) 638-2831
                                                  darrell@chambersfirmDCMD.com

                                                  /s/ Michael Bruckheim
                                                  Michael Bruckheim [455192]
                                                  Bruckheim & Patel, LLC

One Church Street – Suite 910
Rockville, MD 20850
(240) 753-8222
michael@brucklaw.com

*Counsel for Plaintiff*